## In re PITTSBURGH RYS. CO.
No. 20225.

District Court, W. D. Pennsylvania.
Nov. 7, 1945.

**8**

Maurice J. Dix, of New York City, and Charles B. Prichard, of Pittsburgh, Pa., for petitioners.

J. Henry O'Neill, of Pittsburgh, Pa., for trustee, Pittsburgh Ry. Co.

Thomas J. Munsch, of Pittsburgh, Pa., for Philadelphia Co.

William S. Moorhead, of Pittsburgh, Pa., for Monongahela Street Ry. Co. and Pittsburgh & Birmingham Traction Co., guaranteed underliers.

Richard W. Ahlers, of Pittsburgh, Pa., for Suburban Rapid Transit St. Ry. Co., guaranteed underlier.

Samuel M. Koenigsberg, of New York City, for Securities & Exchange Commission.

Leon Wald, Asst. City Sol., of Pittsburgh, Pa., for City of Pittsburgh.

H. F. Stambaugh, of Pittsburgh, Pa., for Committee for Bondholders of Southern Traction Co.

McVICAR, District Judge.

This is a proceeding for the reorganization of the Pittsburgh Railways Company which, prior to this proceeding, operated a system of railways in the City of Pittsburgh and in nearby territory.

A plan of reorganization has been filed which includes properties of underliers. It was approved by the Pennsylvania Public Utility Commission. No further action has been taken thereon.

The City of Pittsburgh filed a petition to have the railways of the Pittsburgh Railways Company and its underliers considered as one system and as the property of the Pittsburgh Railways Company for reorganization. This petition was referred to Watson B. Adair, Esq., as Special Master, who heard much evidence thereon, made an exhaustive findings of fact and conclusions of law, and also, filed an opinion covering the questions of law involved. His report was adverse to the petition of the City. After hearing, this Court made an order sustaining the position taken by the Special Master and entered judgment thereon. 60 F.Supp. 600. From that judgment an appeal was taken by the City which is now pending in the Circuit Court of Appeals of this circuit and which I understand will be heard in January, next.

Jules Guggenheim et al. filed a petition in the aforesaid proceeding, which now contains four prayers, the first of which is as follows: "1. W. D. George, Trustee, be directed to conduct an examination on behalf of the estate, pursuant to Section 21a and Section 167 of the Bankruptcy Act, for the purpose of inquiring into the matters described in this petition, as well as any other matters relating to possible claims of causes of action available to the estate against Philadelphia Company or any other party, and any other grounds for the equitable limitation or subordination of claims filed by Philadelphia Company in this proceeding; and that the Securities and Exchange Commission, through its attorneys, the petitioners and their attorneys and any other party in interest be permitted to participate in such examination."

On June 25, 1945, this Court made an order granting a rule upon the Trustee, upon the Philadelphia Company and upon each of the corporations named in the plan of reorganization, aforesaid, and upon their respective indenture trustees, creditors, stockholders and upon all creditors, stockholders and other parties in interest, including the United States Securities and Exchange Commission, to show cause, if any, why the relief prayed for should not be granted. September 20, 1945 was the date fixed therein for filing of answers, and October 17, 1945 was fixed as the date

that the Court might hear preliminary issues, if any were raised. Answers were filed by the City of Pittsburgh and by the Securities and Exchange Commission which joined in, inter alia, prayer 1 of the petition. An answer was also filed by the Trustee of the debtor, wherein he took a neutral attitude and submitted himself to whatever order might be made by the Court. The Philadelphia Company filed a motion to dismiss and the following companies, known as "guaranteed underliers" filed motions to dismiss so far as they were concerned, namely, Monongahela Street Railway Company, Pittsburgh & Birmingham Traction Company, the Suburban Rapid Transit Street Railway Company and the Pittsburgh Incline Plane Company. A hearing was held, as provided for in the order of June 25, 1945 on the aforesaid motions to dismiss and on the first prayer of the Jules Guggenheim petition. At the hearing, the petitioners Jules Guggenheim et al., Securities & Exchange Commission, the City of Pittsburgh, a committee of bondholders of the Southern Traction Company and the Citizens Traction Company favored the granting of prayer 1 of the aforesaid petition. The Philadelphia Company was opposed to the granting thereof and the aforesaid guaranteed underliers were opposed to the granting thereof so far as it affected them.

Section 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, provides:

"§ 21. Evidence. a. The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, to appear before the court or before the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt."

Section 167, 11 U.S.C.A. § 567, provides:

"§ 167. The trustee upon his appointment and qualification—

"(1) shall, if the judge shall so direct, forthwith investigate the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business and the desirability of the continuance thereof, and any other matter relevant to the proceeding or to the formulation of a plan, and report thereon to the judge;

"(2) may, if the judge shall so direct, examine the directors and officers of the debtor and any other witnesses concerning the foregoing matters or any of them;

"(3) shall report to the judge any facts ascertained by him pertaining to fraud, misconduct, mismanagement and irregularities, and to any causes of action available to the estate;

"(4) may, subject to the approval of the judge, employ such person or persons as the judge may deem necessary for the purpose of assisting the trustee in performing the duties imposed upon him under this chapter;

"(5) shall, at the earliest date practicable, prepare and submit a brief statement of his investigation of the property, liabilities, and financial condition of the debtor, the operation of its business and the desirability of the continuance thereof, in such form and manner as the judge may direct, to the creditors, stockholders, indenture trustees, the Securities and Exchange Commission, and such other persons as the judge may designate; and

"(6) shall give notice to the creditors and stockholders that they may submit to him suggestions for the formulation of a plan, or proposals in the form of plans, within a time therein named."

The Court, under Section 167, may order an investigation and examination without a petition. Under Section 21, sub. a, an examination may be ordered of designated persons.

██ This proceeding has been pending about seven years; considerable time may elapse before the final disposition of the City of Pittsburgh's appeal; the Philadelphia Company has been in a close relationship with the debtor, it is the sole stockholder, and in accordance with the claims filed is its largest creditor. There are reasonable grounds (in order that this case may not be unduly delayed) that an investigation and examination be made now. Nearly all of the parties interested believe that it should be made at some time, and most of them believe it should be done at the present time.

The motion of the Philadelphia Company to dismiss, which cites a number of reasons in support thereof (probably the principal one being res adjudicata) has been considered and I am of the opinion that they are without merit; therefore, its motion should be refused.

██ As to the motions of the guaranteed underliers that the petition be dismissed so far as they are concerned, the merit thereof probably depends upon the

final disposition of the appeal or appeals from the judgment entered on the City of Pittsburgh's petition. I conclude that action on these motions to dismiss should be deferred until the final disposition of said appeal or appeals.

As this Court has determined that the underliers and their properties are not before the Court for reorganization, the investigation should be limited to matters which are material and relevant to the reorganization of the Pittsburgh Railways Company and the disposition of its petition; also, the evidence taken in the hearings on the City of Pittsburgh's petition should not be duplicated.

### Order of Court.

And now, November 7, 1945, there having come on for hearing before this Court on October 17, 1945, pursuant to Order entered June 25, 1945 fixing October 17, 1945 as the date for hearing upon preliminary issues, the petition of Jules Guggenheim et al., filed December 22, 1944, and the answers thereto filed by W. D. George, reorganization Trustee of Pittsburgh Railways Company, debtor, the Securities and Exchange Commission and the City of Pittsburgh and the separate motions to dismiss said petition filed by the parties hereinafter named; and counsel for the petitioners having stated to the Court that the only relief asked by petitioners at this time was the relief prayed for in the first of the amended prayers of the said petition; and the matter having been argued by counsel for all parties who appeared and desired to be heard and having been duly considered by this Court, it is hereby ordered as follows:

1. That the motion of Philadelphia Company to dismiss the aforesaid petition of Jules Guggenheim et al. is hereby refused and dismissed.

2. That disposition of the motions filed, respectively, by Monongahela Street Railway Company, Pittsburgh & Birmingham Traction Company, The Suburban Rapid Transit Street Railway Company and Pittsburgh Incline Plane Company, to dismiss the aforesaid petition of Jules Guggenheim et al., as to those parties, is hereby suspended and deferred until after the appeal of the City of Pittsburgh et al., from the Order of this Court of April 30, 1945 upon the City's petition filed October 23, 1942, has been decided.

3. That W. D. George, Trustee of Pittsburgh Railways Company, debtor, is hereby directed to conduct an examination on behalf of the estate, pursuant to Section 21, sub. a and Section 167 of the Bankruptcy Act for the purpose of inquiring into the matters described in the aforesaid petition of Jules Guggenheim et al., as well as any other matters relating to possible claims or causes of action available to the estate against Philadelphia Company or any other party, and other grounds for the equitable limitation or subordination of claims filed by Philadelphia Company in this proceeding; provided, however, that the examination shall be limited and restricted to matters relevant and material to a reorganization of the debtor, Pittsburgh Railways Company, and its subsidiary, Pittsburgh Motor Coach Company, and, further, that there shall be no duplication or multiplication of the evidence heretofore adduced in this Court upon the hearing on the petition of the City of Pittsburgh filed October 23, 1942.

4. That the Securities and Exchange Commission, through its attorneys, and any creditor of the debtor, through his attorney shall be permitted to participate in the examination of witnesses in the course of the examination to be conducted by the said Trustee pursuant to the provisions of this Order.

5. That preliminary to and in preparation for the examination directed in paragraph 3 of this Order, W. D. George, Trustee of Pittsburgh Railways Company, debtor, is hereby directed to make an investigation pursuant to the provisions of Section 167 of the Bankruptcy Act of the matters to be inquired into in said examination; and the said Trustee shall accord to the Securities and Exchange Commission and to any creditor of the debtor who may so desire, an opportunity to suggest or indicate to him, in writing, any particular matter or matters which the Commission or creditor may wish to have investigated by the Trustee, such matter or matters, however, to be within the scope of the examination as hereinabove prescribed.

6. That W. D. George, Trustee, upon application to this Court, shall be authorized to engage a firm of independent certified public accountants to assist the Trustee to such extent as may be necessary or proper in connection with the investigation and examination to be conducted by him pursuant to the provisions of this Order.