## In re PITTSBURGH RYS. CO.
### No. 20225.

District Court W. D. Pennsylvania.

Jan. 21, 1946.

Thos. J. Munsch, Jr., and C. Elmer Bown, both of Pittsburgh, Pa., for Philadelphia Co.

Maurice J. Dix, of New York City, and Charles B. Prichard, of Pittsburgh, Pa., for Guggenheim et al.

Anne X. Alpern, City Sol. and Leon Wald, Asst. City Sol., both of Pittsburgh, Pa., for City of Pittsburgh.

Blaxter, O'Neil & Houston, of Pittsburgh, Pa., for Trustee, Pittsburgh Rys. Co.

George Zolotar, of New York City, for Securities and Exchange Commission.

McVICAR, District Judge.

After hearing of the petition of Jules Guggenheim et al., this Court, November 7, 1945, made the following Order:

"3. That W. D. George, Trustee of Pittsburgh Railways Company, debtor, is hereby directed to conduct an examination on behalf of the estate, pursuant to Section 21a and Section 167 of the Bankruptcy Act for the purpose of inquiring into the matters described in the aforesaid petition of Jules Guggenheim et al., as well as any other matters relating to possible claims or causes of action available to the estate against Philadelphia Company or any other party, and other grounds for the equitable limitation or subordination of claims filed by Philadelphia Company in this proceeding; provided, however, that the examination shall be limited and restricted to matters relevant and material to a reorganization of the debtor, Pittsburgh Railways Company, and its subsidiary, Pittsburgh Motor Coach Company, and, further, that there shall be no duplication or multiplication of the evidence heretofore adduced in this Court upon the hearing on the petition of the City of Pittsburgh filed October 23, 1942."

In the opinion filed at the same time that the order was made, the Court set forth many of the material facts. 63 F.Supp. 7. The reorganization plan filed by the trustee of the debtor and which has been approved by the Pennsylvania Public Utility Commission provides for the reorganization of the debtor and of its underliers. If the order of this Court is sustained on the appeal now pending on the City of Pittsburgh's petition in the Circuit Court of Appeals, a new plan would have to be filed providing for the reorganization of the property of the debtor only. Whether such a plan is feasible or not, I do not know.

In the consideration given to the petition of Jules Guggenheim et al., the Court considered, inter alia, the facts averred in the petition, and also, that the Philadelphia Company is the sole stockholder of the Pittsburgh Railways Company, its largest creditor (in accordance with claims filed) and also, that it controls many of the underlying companies.

On November 23, 1945, the Philadelphia Company filed a motion to amend the Order of this Court made November 7, 1945, in the following respects:

"1. So as to cause the investigation to apply not only to Philadelphia Company, but to all holders of bonds, notes, securities or liabilities of the debtor, and

"2. So as to cause the investigation to apply, not only to claims actually filed against the debtor, but to all notes, bonds, securities or liabilities of the debtor, whether or not claims have actually been filed thereon.

"Specifically, it is suggested that paragraph 3 of said Order be amended by omitting the words 'equitable limitation or subordination of claims filed by Philadelphia Company in this proceeding;' and substituting therefor the words 'equitable limitation or subordination of any bond, note, security or liability of the debtor held by any person.' "

A hearing was held on said motion. The motion was opposed at the hearing by Jules Guggenheim et al. and by the City of Pittsburgh. There are no facts averred in the motion of the Philadelphia Company which show that the investigation sought for would be of value at this time or hereafter, either in the preparation of a plan or in passing upon claims against the debtor. Such an investigation would be expensive and would consume considerable time. The Court was not furnished with any information as to what the cost of such an investigation would be. I am of the opinion that the motion should not be granted at this time. If the investigation sought for will be of value hereafter, the Court can make such an order at any time upon presentation of proper facts in support thereof. I, therefore, conclude that the motion should be refused.