**In re PITTSBURGH RYS. CO.**

**No. 20225.**

United States District Court
W. D. Pennsylvania.

Oct. 4, 1948.

J. Roy Dickie, of Pittsburgh, Pa., for W. D. George, trustee.

George Zolotar, of New York City, for S. E. C.

Maurice J. Dix, of New York City, for Jules Guggenheim et al.

McVICAR, District Judge.

The Securities and Exchange Commission, June 17, 1948, filed a petition in this case wherein it prayed for an order removing W. D. George as Trustee of the Pittsburgh Railways Company and Pittsburgh Motor Coach Company and for other relief. In support of this prayer the petition alleged certain acts and conduct of W. D. George as a Receiver of the Pittsburgh Railways Company in a proceeding in this Court beginning in 1918 and which ended in 1924; also the part taken by C. D. Palmer, Commercial Manager and a director of the Pittsburgh Railways Company, who also has been connected with the Philadelphia Company since 1923; also petition sets forth that George is a director and stockholder of the Peoples First National Bank and Trust Company, which bank, it is alleged, is indenture trustee of mortgages against a number of the underlying companies, etc.

On June 25, 1948, this Court made an order on the aforesaid petition wherein it directed that the issues presented by the petition and the answers be heard by the Court on September 15, 1948. Answers to the petition were filed by the Citizens Traction Company and Penn Street Railway Company, the City of Pittsburgh, W. D. George, Trustee, and Jules Guggenheim et al., being a group of public holders of specified securities.

The Guggenheim et al. pleading is designated as an answer and petition for removal of W. D. George as Trustee. In said pleading Guggenheim et al. join in the prayer of the Securities and Exchange Commission petition and pray that George be removed, etc. Guggenheim et al. rely for an order of removal upon the reasons set forth in the Securities and Exchange Commission petition, also because George failed to comply with the Bankruptcy Act,

§ 21, sub. a 11 U.S.C.A. § 44, sub. a, and the order of this Court of November 7, 1945, 63 F.Supp. 7; also because the Trustee violated the Bankruptcy Act in allowing C. D. Palmer, director of the Pittsburgh Railways Company, to take part in the inquiry under Bankruptcy Act, § 167, 11 U.S.C.A. § 567, directed by this Court's order of November 7, 1945.

On September 15, 1948, Guggenheim et al. filed a motion for summary judgment to remove George as Trustee on the ground that Guggenheim et al. are entitled to such judgment as a matter of law and that there is no genuine issue as to any material fact preventing such judgment of removal. A hearing was held on said motion and also on the orders of this Court dated June 23, 1948 and July 20, 1948.

Section 156 of the Bankruptcy Act, 11 U.S.C.A. § 556, provides that any trustee appointed under Chapter X shall be disinterested and shall have the qualifications prescribed in Section 45 of said Act, 11 U.S.C.A. § 73.

Section 45 provides that individual trustees shall be competent, perform their duties and reside in the judicial district in which they are appointed.

Section 158, 11 U.S.C.A. § 558, provides that a trustee shall not be deemed disinterested for the purposes of Section 156 and 157, 11 U.S.C.A. §§ 556, 557, if it falls under any of the disqualifications mentioned, among which are, if he, for any reason, holds an interest materially adverse to the interests of any class of creditors or stockholders.

Under the admissions contained in the pleadings, the facts are not sufficiently clear to justify the granting or refusal of the motion before the Court. Evidence should be taken to clarify the facts. No more evidence should be offered than is essential and this is particularly true as to the former receivership in this Court from 1918 to 1924.

I am of the opinion that the motion for summary judgment should be refused and that the issues raised by the pleadings should be referred to a special master for hearing and report.

Let an order be prepared and submitted.